## IN THE DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION - CHICAGO, ILLINOIS

| | | |
|---|---|---|
| JESSICA BUSHNO, and SUSAN CLARY | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | Judge: |
| WELTMAN, WEINBERG & REIS COMPANY, L.P.A., | ) | |
| an Ohio Corporation; SIMM ASSOCIATES, INC., a | ) | Magistrate: |
| Delaware Corporation; TRANSWORLD SYSTEMS, | ) | |
| INC., a Delaware Corporation; NATIONAL | ) | |
| COLLEGIATE STUDENT LOAN TRUST, a Delaware | ) | |
| statutory trust and NATIONAL COLLEGIATE | ) | **Jury Demand** |
| STUDENT LOAN TRUST 2007-4, a Delaware | ) | |
| statutory trust, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

Plaintiffs, Jessica Bushno and Susan Clary, by and through their attorneys, SWEIS LAW

FIRM, P.C. for their Complaint against Defendants, Weltman, Weinberg & Reis Company,

L.P.A., SIMM Associates, Inc., Transworld Systems, Inc., National Collegiate Student Loan

Trust, and National Collegiate Student Loan Trust 2007-4, allege as follows:

### PARTIES

1.      Plaintiff Jessica Bushno, is an individual residing in the state of Illinois.

2.      Plaintiff Susan Clary, is an individual residing in the state of Illinois.

3.      Defendant, Weltman, Weinberg & Reis Company, L.P.A. (hereinafter "WWR") is

an Ohio Corporation.

4.      SIMM Associates, Inc. (hereinafter "SIMM"), is a Delaware Corporation.

5.      Transworld Systems, Inc. (hereinafter "TSI"), is a Delaware Corporation.

6.     National Collegiate Student Loan Trust (hereinafter "NCT") is a Delaware statutory trust.

7.     National Collegiate Student Loan Trust 2007-4 (hereinafter "NCT 2007-4") is a Delaware statutory trust.

## JURISDICTION AND VENUE

8.     Plaintiffs bring their complaint under federal question jurisdiction, 28 U.S.C. 1331, as the matter in controversy arises under the law of the United States, and jurisdiction is specifically granted by 15 U.S. Code § 1692k(d). Under 28 U.S. Code § 1367, the federal court is also permitted to exercise supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

9.     Venue is proper as the transaction or occurrence at issue took place in DuPage County, Illinois.

## FACTUAL ALLEGATIONS

10.     On or about July 28, 2006, Plaintiffs entered in a non-negotiable credit agreement (hereinafter the "2006 Loan") with Charter One Bank, N.A., 725 Canton Street, Norwood, MA 02062.

11.     The 2006 Loan had an initial principal balance of $12,432.43.

12.     On or about June 19, 2007, Plaintiffs entered in a non-negotiable credit agreement (hereinafter the "2007 Loan") with JPMorgan Chase Bank, N.A, 100 Broad Street, Columbus, OH 43125.

13.     The 2007 Loan had an initial principal balance of $12,316.58.

14. The 2006 and 2007 Loan debts are consumer and private in nature and were executed to fund Plaintiff Bushno's education.

15. On information and belief, ownership of the 2006 Loan and the 2007 Loan was transferred to Defendant National Collegiate Student Loan Trust.

16. On information and belief, National Collegiate Student Loan Trust assigned the loan accounts for the 2006 Loan and the 2007 Loan to Defendant WWR for collection.

17. On or about January 14, 2012, Defendant WWR sent communications to the Plaintiffs attempting to collect outstanding debt on the 2006 Loan and the 2007 Loan accounts.

18. On or about September 25, 2012, Defendant WWR and National Collegiate Student Loan Trust entered into a Settlement Agreement and Release (hereinafter "Settlement Agreement") with Plaintiffs Bushno and Clary.

19. The Settlement Agreement was signed by Defendant WWR's authorized agent, Compliance Attorney Marsha D. Makel and Associate Counsel for First Marblehead Corp, Matthew Colettie. as authorized agent of National Collegiate Student Loan Trust (herein after "NCT").

20. Pursuant to the terms of the Settlement Agreement, Plaintiff Bushno agreed to deliver a total of $20,000.00 excluding a credit of $955.00 by National Collegiate Student Loan Trust in at least 160 separate consecutive monthly payments of $125.00 as settlement in full of the 2006 Loan and the 2007 Loan, with any remaining unpaid balance to be cancelled by National Collegiate Student Loan Trust.

21. The terms of the Settlement Agreement dictated that the Plaintiffs' monthly payments were to be made payable to National Collegiate Trust, c/o Weltman, Weinberg & Reis Co., LPA, PO Box 93596, Cleveland, OH, 44101-5596.

22.     Subsequent to execution of the Settlement Agreement in September 2012, Plaintiff Bushno has made all consecutive monthly payments of $125.00 to date as specified by the terms of the Settlement Agreement.

23.     Beginning in or around March of 2016, Plaintiffs began receiving mailings from Defendant SIMM which demanded payment for the 2006 Loan and 2007 Loan accounts and misrepresented the balance of the loan accounts.

24.     On or about October 2016, Plaintiff Bushno received a letter from Defendant WWR directing future payments were to be made to Transworld Systems Inc., P.O. Box 15943, Wilmington, DE 19850.

25.     Subsequent to receipt of the October 2016 letter from Defendant WWR, Plaintiff Bushno sent monthly payments to Transworld Systems Inc., P.O. Box 15943, Wilmington, DE 19850.

26.     Defendant Transworld Systems Inc. ("TSI") received and collected the monthly payments Plaintiff Bushno made pursuant to the Settlement Agreement.

27.     In or around May of 2017, Plaintiff Bushno received a letter from Defendant WWR dated May 10, 2017. A true and accurate copy of the May 10, 2017 letter is attached hereto as **Exhibit A**.

28.     The May 10, 2017 Letter to Plaintiff Bushno was an attempt to collect the balance on the 2007 Loan account.

29.     The May 10, 2017 letter to Plaintiff Bushno misrepresented the outstanding balance of the 2007 Loan account as $17,328.63.

30.     The correct balance of both loan accounts on May 10, 2017 was approximately $12,170.00.

4

31.     In or around May of 2017, Plaintiff Clary received a letter from Defendant WWR dated May 10, 2017.

32.     The May 10, 2017 Letter to Plaintiff Clary was an attempt to collect the balance on the 2007 Loan account.

33.     The May 10, 2017 letter to Plaintiff Clary misrepresented the balance of the 2007 Loan account.

34.     In or around June of 2017, Plaintiff Bushno received a letter from Defendant SIMM dated May 26, 2017.  A true and accurate copy of the May 26, 2017 letter is attached hereto as **Exhibit B**.

35.     The May 26, 2017 Letter to Plaintiff Bushno was an attempt to collect the balance on the 2006 Loan account.

36.     The May 26, 2017 Letter to Plaintiff Bushno misrepresented the outstanding balance of the 2006 Loan account as $18,973.67.

37.     The correct balance of both loan accounts on May 26, 2017 was approximately $12,045.00.

38.     In or around June of 2017, Plaintiff Clary received a letter from Defendant SIMM dated May 26, 2017.

39.     The May 26, 2017 Letter to Plaintiff Clary was an attempt to collect the balance on the 2006 Loan account.

40.     Upon information and belief, the May 26, 2017 Letter to Plaintiff Clary misrepresented the outstanding balance of the 2006 Loan account as $18,973.67.

41.     In or around June of 2017, Plaintiff Bushno received a letter from Defendant WWR dated June 20, 2017.

42.     The June 20, 2017 Letter to Plaintiff Bushno was an attempt to collect the balance on the 2007 Loan account.

43.     The June 20, 2017 letter to Plaintiff Bushno misrepresented the outstanding balance of the 2007 Loan account as $17,328.63.

44.     In or around June of 2017, Plaintiff Clary received a letter from Defendant WWR dated June 20, 2017.

45.     The June 20, 2017 Letter to Plaintiff Clary was an attempt to collect the balance on the 2007 Loan account.

46.     The June 20, 2017 letter to Plaintiff Clary misrepresented the outstanding balance of the 2007 Loan account as $17,328.63.

47.     The correct balance of both loan accounts on June 20, 2017 was approximately $11,920.00.

48.     In August of 2017, Plaintiffs, through counsel, sent a letter to Defendant SIMM notifying Defendant of the prior misrepresentations of the balance for the 2006 Loan account and requesting verification of the current balance.

49.     As of the date of this complaint, Plaintiffs' have not received any response from Defendant SIMM to the August 2017 letter.

50.     In August of 2017, Plaintiffs' counsel sent a letter Defendant WWR notifying Defendant of the prior misrepresentations of the balance for the 2007 Loan account and requesting verification of the current balance.

51.     In September of 2017, Plaintiffs, through counsel, received a letter from Defendant WWR dated August 31, 2017 which again misrepresented the outstanding balance of the 2007 Loan account as $17,328.63.

6

52.     The correct balance of both loan accounts on August 31, 2017 was approximately $11,670.00.

53.     On September 13, 2017, Plaintiffs' counsel was contacted by an employee of Defendant WWR via phone regarding the August 31, 2017 Letter. During the phone conversation, Defendant's employee represented that Defendant TSI was a client of Defendant WWR and was represented by WWR.

54.     In December of 2017, Plaintiffs, through counsel, received letters from Defendant TSI dated December 5, 2017.

55.     The December 5, 2017 Letters referenced an inquiry and request for validation regarding the 2007 Loan account.

56.     At no point prior receipt of the December 5, 2017 did Plaintiffs, alone or through counsel, contact Defendant TSI, and no inquiry and request for validation had been made to Defendant TSI.

57.     The December 5, 2017 Letters advised that the 2006 Loan account had "been forwarded to WELTMAN WEINBERG REIS-IL" and that further inquiries should be directed to WELTMAN WEINBERG REIS-IL.

58.     The December 5, 2017 Letter misrepresented the balance of the 2006 Loan account as $17,596.25.

59.     The correct balance of both loan accounts on December 5, 2017 was approximately $11,295.00.

60.     Upon information and belief, Defendant WWR and Defendant TSI engaged in unauthorized third-party communications regarding the Plaintiffs' 2006 Loan account.

61.     Upon information and belief, the unauthorized third-party communications made by Defendant WWR and Defendant TSI took place between approximately September of 2016 and December 5, 2017.

62.     Plaintiffs believe that unauthorized third-party communications took place between Defendant WWR and Defendant TSI based upon the apparent transfers in loan account servicing and / or collection, the representation that TSI was a client of WWR, and the unsolicited December 5, 2017 letter from TSI.

63.     Plaintiffs are unable to plead allegations of unauthorized third-party communications with more specificity at this time because the communications which service as the basis for such allegations are believed to be in the sole custody of the Defendants.

64.     Plaintiff Bushno made and continues to make all monthly payments specified by the terms of the Settlement Agreement.

65.     The communications from Defendants WWR, SIMM, and TSI all misrepresented the balance of the loan accounts in that the misrepresented balances failed to account for the Settlement Agreement or the payments made pursuant to the Settlement Agreement.

66.     The Defendants' collective collection efforts have caused the Plaintiffs tremendous stress and anxiety, loss of sleep, as well as consultation fees and attorney's fees.


**COUNT I – VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT**

**(BUSHNO v. WWR)**

67.     Plaintiffs repeat and reallege paragraphs 1-66 of this Complaint as if they were set forth herein.

68. The Fair Debt Collection Practices Act ("FDCPA") creates civil liability for any "debt collector" who violates the acts requirements. 15 U.S. Code § 1692k.

69. Under section 1692a(6), a debt collector is defined as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S. Code § 1692a(6).

70. Defendant WWR engages in debt collection for others using streams of interstate commerce.

71. Defendant WWR is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

72. The May 2017, June 2017, and September 2017 attempts to collect the balance of the 2007 Loan account on behalf of creditor NCT qualify Defendant WWR as a "debt collector" for purposes of the Fair Debt Collection Practices Act (herein after "FDCPA").

73. As a debt collector, Defendant WWR is required to comply with the provisions of the FDCPA.

74. Section 1692c(b) of the FDCPA dictates in part that:

> without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S. Code § 1692c(b).

75.     By nature of her obligations under the subject loan accounts, Plaintiff Bushno

qualifies as a "consumer" for purposes of the FDCPA. 15 U.S. Code § 1692a(3).

76. Section 1692e of the FDCPA states in part that:

> A debt collector may not use any false, deceptive, or misleading representation or means
> in connection with the collection of any debt. Without limiting the general application of
> the foregoing, the following conduct is a violation of this section:
>
>  (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt; or
>
> (B) any services rendered or compensation which may be lawfully received by any debt
> collector for the collection of a debt.

15 U.S. Code § 1692c(b).

77.     Defendant WWR violated the provisions of the FDCPA when it made false,

deceptive, or misleading representations in connection with the collection of Plaintiff Bushno's

debt in its May 2017, June 2017, and September 2017 letters.

78.     Defendant WWR violated the provisions of the FDCPA when it made false

representations of the character, amount, and legal status of Plaintiff Bushno's debt.

79.     Defendant WWR violated the provisions of the FDCPA when it used unfair and

unconscionable means to attempt to collect an amount from Plaintiff Bushno that was not

expressly authorized by the agreement creating the debt or permitted by law.

80.     Upon information and belief, Defendant WWR violated the provision of the

FDCPA when it communicated with unauthorized third parties, in connection with the collection

Plaintiff Bushno's debt, without the prior consent of the Plaintiff given directly to the Defendant.

81.     Section 1692k of the FDCPA states in relevant part that:

> (a)  Amount of damages
> Except as otherwise provided by this section, any debt collector who fails to comply with
> any provision of this subchapter with respect to any person is liable to such person in an
> amount equal to the sum of—
> (1) any actual damage sustained by such person as a result of such failure;

(2)
(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;

* * * *

 (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S. Code § 1692k(a).

82.    Defendant WWR's violations of the FDCPA were intentional and did not result from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

83.    As a result of Defendant WWR's repeated violations of the FDCPA, Plaintiff Bushno has suffered actual damages in the form of tremendous stress and anxiety, loss of sleep, as well as attorney's fees and consultation.

WHEREFORE, Plaintiff Jessica Bushno respectfully prays that this Honorable Court award judgment in her favor and against Defendant Weltman, Weinberg & Reis Company, L.P.A., award Plaintiff her actual damages and statutory damages and any additional damages this Court may allow, award Plaintiff her reasonable attorney's fees and costs, and award any other relief this Honorable Court deems equitable and just.

## COUNT II – VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT
## (CLARY v. WWR)

84.    Plaintiffs repeat and reallege paragraphs 1-66 of this Complaint as if they were set forth herein.

85.     The Fair Debt Collection Practices Act ("FDCPA") creates civil liability for any

"debt collector" who violates the acts requirements. 15 U.S. Code § 1692k.

86.     Under section 1692a(6), a debt collector is defined as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate
> commerce or the mails in any business the principal purpose of which is the collection of
> any debts, or who regularly collects or attempts to collect, directly or indirectly, debts
> owed or due or asserted to be owed or due another. Notwithstanding the exclusion
> provided by clause (F) of the last sentence of this paragraph, the term includes any
> creditor who, in the process of collecting his own debts, uses any name other than his
> own which would indicate that a third person is collecting or attempting to collect such
> debts.

16  .S. Code § 1692a(6).

87.     Defendant WWR engages in debt collection for others using streams of interstate

commerce.

88.     Defendant WWR is engaged in the business of using the mails and telephone to

collect consumer debts originally owed to others.

89.     The May 2017, June 2017, and September 2017 attempts to collect the balance of

the 2007 Loan account on behalf of creditor NCT qualify Defendant WWR as a "debt collector"

for purposes of the Fair Debt Collection Practices Act (herein after "FDCPA").

90.     As a debt collector, Defendant WWR is required to comply with the provisions of

the FDCPA.

91.     Section 1692c(b) of the FDCPA dictates in part that:

> without the prior consent of the consumer given directly to the debt collector, or the
> express permission of a court of competent jurisdiction, or as reasonably necessary to
> effectuate a postjudgment judicial remedy, a debt collector may not communicate, in
> connection with the collection of any debt, with any person other than the consumer, his
> attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the
> attorney of the creditor, or the attorney of the debt collector.

15 U.S. Code § 1692c(b).

92.     By nature of her obligations under the subject loan accounts, Plaintiff Clary

qualifies as a "consumer" for purposes of the FDCPA. 15 U.S. Code § 1692a(3).

93. Section 1692e of the FDCPA states in part that:

> A debt collector may not use any false, deceptive, or misleading representation or means
> in connection with the collection of any debt. Without limiting the general application of
> the foregoing, the following conduct is a violation of this section:
>
>  (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt; or
>
> (B) any services rendered or compensation which may be lawfully received by any debt
> collector for the collection of a debt.

15 U.S. Code § 1692c(b).

94.     Defendant WWR violated the provisions of the FDCPA when it made false,

deceptive, or misleading representations in connection with the collection of Plaintiff Clary's

debt in its May 2017, June 2017, and September 2017 letters.

95.     Defendant WWR violated the provisions of the FDCPA when it made false

representations of the character, amount, and legal status of Plaintiff Clary's debt.

96.     Defendant WWR violated the provisions of the FDCPA when it used unfair and

unconscionable means to attempt to collect an amount from Plaintiff Clary that was not expressly

authorized by the agreement creating the debt or permitted by law.

97.     Upon information and belief, Defendant WWR violated the provision of the

FDCPA when it communicated with unauthorized third parties, in connection with the collection

Plaintiff Clary's debt, without the prior consent of the Plaintiff given directly to the Defendant.

98.     Section 1692k of the FDCPA states in relevant part that:

> (a)  Amount of damages
> Except as otherwise provided by this section, any debt collector who fails to comply with
> any provision of this subchapter with respect to any person is liable to such person in an
> amount equal to the sum of—
> (1) any actual damage sustained by such person as a result of such failure;

(2)

(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;

* * * *

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S. Code § 1692k(a).

99.    Defendant WWR's violations of the FDCPA were intentional and did not result from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

100.    As a result of Defendant WWR's repeated violations of the FDCPA, Plaintiff Clary has suffered actual damages in the form of tremendous stress and anxiety, loss of sleep, as well as attorney's fees and consultation.

WHEREFORE, Plaintiff Susan Clary respectfully prays that this Honorable Court award judgment in her favor and against Defendant Weltman, Weinberg & Reis Company, L.P.A., award Plaintiff her actual damages and statutory damages and any additional damages this Court may allow, award Plaintiff her reasonable attorney's fees and costs, and award any other relief this Honorable Court deems equitable and just.

**COUNT III – VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT**

**(BUSHNO v. SIMM)**

101.    Plaintiffs repeat and reallege paragraphs 1-66 of this Complaint as if they were set forth herein.

102.    The Fair Debt Collection Practices Act ("FDCPA") creates civil liability for any "debt collector" who violates the acts requirements. 15 U.S. Code § 1692k.

103.    Under section 1692a(6), a debt collector is defined as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

17  U.S. Code § 1692a(6).

104.    Defendant SIMM engages in debt collection for others using streams of interstate commerce.

105.    Defendant SIMM is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

106.    The May 2017 and August 2017 attempts to collect the balance of the 2006 Loan account on behalf of creditor NCT qualify Defendant SIMM as a "debt collector" for purposes of the Fair Debt Collection Practices Act (herein after "FDCPA").

107.    As a debt collector, Defendant SIMM is required to comply with the provisions of the FDCPA.

108.    By nature of her obligations under the subject loan accounts, Plaintiff Bushno qualifies as a "consumer" for purposes of the FDCPA. 15 U.S. Code § 1692a(3).

109.    Section 1692e of the FDCPA states in part that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>  (2) The false representation of—

15

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

15 U.S. Code § 1692c(b).

110.     Defendant SIMM violated the provisions of the FDCPA when it made false, deceptive, or misleading representations in connection with the collection of Plaintiff Bushno's debt in its May 2017 and August 2017 letters.

111.     Defendant SIMM violated the provisions of the FDCPA when it made false representations of the character, amount, and legal status of Plaintiff Bushno's debt.

112.     Defendant SIMM violated the provisions of the FDCPA when it used unfair and unconscionable means to attempt to collect an amount from Plaintiff Bushno that was not expressly authorized by the agreement creating the debt or permitted by law.

113.     Section 1692k of the FDCPA states in relevant part that:

(a)  Amount of damages
Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
(1) any actual damage sustained by such person as a result of such failure;
(2)
(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;

* * * *

 (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S. Code § 1692k(a).

114.     Defendant SIMM's violations of the FDCPA were intentional and did not result from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

115.     As a result of Defendant SIMM's repeated violations of the FDCPA, Plaintiff

Bushno has suffered actual damages in the form of tremendous stress and anxiety, loss of sleep,

as well as attorney's fees and consultation.

WHEREFORE, Plaintiff Jessica Bushno respectfully prays that this Honorable Court

award judgment in her favor and against Defendant SIMM Associates, Inc., award Plaintiff her

actual damages and statutory damages and any additional damages this Court may allow, award

Plaintiff her reasonable attorney's fees and costs, and award any other relief this Honorable

Court deems equitable and just.


## COUNT IV – VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT

## (CLARY v. SIMM)

116.     Plaintiffs repeat and reallege paragraphs 1-66 of this Complaint as if they were set

forth herein.

117.     The Fair Debt Collection Practices Act ("FDCPA") creates civil liability for any

"debt collector" who violates the acts requirements. 15 U.S. Code § 1692k.

118.     Under section 1692a(6), a debt collector is defined as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate
> commerce or the mails in any business the principal purpose of which is the collection of
> any debts, or who regularly collects or attempts to collect, directly or indirectly, debts
> owed or due or asserted to be owed or due another. Notwithstanding the exclusion
> provided by clause (F) of the last sentence of this paragraph, the term includes any
> creditor who, in the process of collecting his own debts, uses any name other than his
> own which would indicate that a third person is collecting or attempting to collect such
> debts.

18  U.S. Code § 1692a(6).

119.     Defendant SIMM engages in debt collection for others using streams of interstate

commerce.

120.     Defendant SIMM is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

121.     The May 2017 and August 2017 attempts to collect the balance of the 2006 Loan account on behalf of creditor NCT qualify Defendant SIMM as a "debt collector" for purposes of the Fair Debt Collection Practices Act (herein after "FDCPA").

122.     As a debt collector, Defendant SIMM is required to comply with the provisions of the FDCPA.

123.     By nature of her obligations under the subject loan accounts, Plaintiff Clary qualifies as a "consumer" for purposes of the FDCPA. 15 U.S. Code § 1692a(3).

124.     Section 1692e of the FDCPA states in part that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt; or
>
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

15 U.S. Code § 1692c(b).

125.     Defendant SIMM violated the provisions of the FDCPA when it made false, deceptive, or misleading representations in connection with the collection of Plaintiff Clary's debt in its May 2017 and August 2017 letters.

126.     Defendant SIMM violated the provisions of the FDCPA when it made false representations of the character, amount, and legal status of Plaintiff Clary's debt.

127.     Defendant SIMM violated the provisions of the FDCPA when it used unfair and unconscionable means to attempt to collect an amount from Plaintiff Clary that was not expressly authorized by the agreement creating the debt or permitted by law.

18

128.    Section 1692k of the FDCPA states in relevant part that:

(a)  Amount of damages
Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
(1) any actual damage sustained by such person as a result of such failure;
(2)
(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;

* * * *

 (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S. Code § 1692k(a).

129.    Defendant SIMM's violations of the FDCPA were intentional and did not result from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

130.    As a result of Defendant SIMM's repeated violations of the FDCPA, Plaintiff Clary has suffered actual damages in the form of tremendous stress and anxiety, loss of sleep, as well as attorney's fees and consultation.

WHEREFORE, Plaintiff Susan Clary respectfully prays that this Honorable Court award judgment in her favor and against Defendant SIMM Associates, Inc., award Plaintiff her actual damages and statutory damages and any additional damages this Court may allow, award Plaintiff her reasonable attorney's fees and costs, and award any other relief this Honorable Court deems equitable and just.

**COUNT V – VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT**

**(BUSHNO v. TSI)**

19

131.    Plaintiffs repeat and reallege paragraphs 1-66 of this Complaint as if they were set forth herein.

132.    The Fair Debt Collection Practices Act ("FDCPA") creates civil liability for any "debt collector" who violates the acts requirements. 15 U.S. Code § 1692k.

133.    Under section 1692a(6), a debt collector is defined as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

19 U.S. Code § 1692a(6).

134.    Defendant TSI engages in debt collection for others using streams of interstate commerce.

135.    Defendant TSI is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

136.    The December 2017 attempt to collect the balance of the 2007 Loan account on behalf of creditor NCT qualify Defendant TSI as a "debt collector" for purposes of the Fair Debt Collection Practices Act (herein after "FDCPA").

137.    As a debt collector, Defendant TSI is required to comply with the provisions of the FDCPA.

138.    By nature of her obligations under the subject loan accounts, Plaintiff Bushno qualifies as a "consumer" for purposes of the FDCPA. 15 U.S. Code § 1692a(3).

139.    Section 1692e of the FDCPA states in part that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt; or
>
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

15 U.S. Code § 1692c(b).

140.     Defendant TSI violated the provisions of the FDCPA when it made false, deceptive, or misleading representations in connection with the collection of Plaintiff Bushno's debt in its December 2017 letter.

141.     Defendant TSI violated the provisions of the FDCPA when it made false representations of the character, amount, and legal status of Plaintiff Bushno's debt.

142.     Defendant TSI violated the provisions of the FDCPA when it used unfair and unconscionable means to attempt to collect an amount from Plaintiff Bushno that was not expressly authorized by the agreement creating the debt or permitted by law.

143.     Section 1692k of the FDCPA states in relevant part that:

> (a)  Amount of damages
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
> (1) any actual damage sustained by such person as a result of such failure;
> (2)
> (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;
>
> * * * *
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S. Code § 1692k(a).

144.    Defendant TSI's violations of the FDCPA were intentional and did not result from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

145.    As a result of Defendant TSI's violations of the FDCPA, Plaintiff Bushno has suffered actual damages in the form of tremendous stress and anxiety, loss of sleep, as well as attorney's fees and consultation.

WHEREFORE, Plaintiff Jessica Bushno respectfully prays that this Honorable Court award judgment in her favor and against Defendant Transworld Systems, Inc., award Plaintiff her actual damages and statutory damages and any additional damages this Court may allow, award Plaintiff her reasonable attorney's fees and costs, and award any other relief this Honorable Court deems equitable and just.

## COUNT VI – VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT
## (CLARY v. TSI)

146.    Plaintiffs repeat and reallege paragraphs 1-66 of this Complaint as if they were set forth herein.

147.    The Fair Debt Collection Practices Act ("FDCPA") creates civil liability for any "debt collector" who violates the acts requirements. 15 U.S. Code § 1692k.

148.    Under section 1692a(6), a debt collector is defined as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

20 U.S. Code § 1692a(6).

149.    Defendant TSI engages in debt collection for others using streams of interstate commerce.

150.    Defendant TSI is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

151.    The December 2017 attempt to collect the balance of the 2007 Loan account on behalf of creditor NCT qualify Defendant TSI as a "debt collector" for purposes of the Fair Debt Collection Practices Act (herein after "FDCPA").

152.    As a debt collector, Defendant TSI is required to comply with the provisions of the FDCPA.

153.    By nature of her obligations under the subject loan accounts, Plaintiff Clary qualifies as a "consumer" for purposes of the FDCPA. 15 U.S. Code § 1692a(3).

154.    Section 1692e of the FDCPA states in part that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt; or
>
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

15 U.S. Code § 1692c(b).

155.    Defendant TSI violated the provisions of the FDCPA when it made false, deceptive, or misleading representations in connection with the collection of Plaintiff Clary's debt in its December 2017 letter.

156.    Defendant TSI violated the provisions of the FDCPA when it made false representations of the character, amount, and legal status of Plaintiff Clary's debt.

157.     Defendant TSI violated the provisions of the FDCPA when it used unfair and unconscionable means to attempt to collect an amount from Plaintiff Clary that was not expressly authorized by the agreement creating the debt or permitted by law.

158.     Section 1692k of the FDCPA states in relevant part that:

> (a)  Amount of damages
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
> (1) any actual damage sustained by such person as a result of such failure;
> (2)
> (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;
>
> * * * *
>
>  (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S. Code § 1692k(a).

159.     Defendant TSI's violations of the FDCPA were intentional and did not result from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

160.     As a result of Defendant TSI's violations of the FDCPA, Plaintiff Clary has suffered actual damages in the form of tremendous stress and anxiety, loss of sleep, as well as attorney's fees and consultation.

WHEREFORE, Plaintiff Susan Clary respectfully prays that this Honorable Court award judgment in her favor and against Defendant Transworld Systems, Inc., award Plaintiff her actual damages and statutory damages and any additional damages this Court may allow, award Plaintiff her reasonable attorney's fees and costs, and award any other relief this Honorable Court deems equitable and just.

## COUNT VII – CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

### (BUSHNO and CLARY v. WWR, SIMM, and TSI)

161.   Plaintiffs repeat and reallege paragraphs 1- 66 of this Complaint as if they were set forth herein.

162.   Section 10a of the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/1 et. seq. ("Act") provides, in part, that "[a]ny person who suffers actual damage as a result of a violation of the Act…may bring an action to recover economic damage, possible punitive damages, attorney fees and costs." 815 ILCS 505/10a.

163.   Section 2 of the Act identifies several unfair methods of competition and unfair or deceptive acts or practices, including but not limited to: "the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact." The use or employment of any practice described in Section 2 "in the conduct of any trade or commerce" is unlawful "whether any person has in fact been misled, deceived or damaged thereby."  815 ILCS 505/2.

164.   Defendants violated the Act when they sent written communications to the Plaintiffs which falsely inflated the outstanding balance on the Plaintiffs' loan accounts.

165.   Defendant WWR violated the Act by sending the May 2017, June 2017, and September 2017 letters which falsely inflated the outstanding balance on the Plaintiffs' loan accounts.

166.   Defendant SIMM violated the Act by sending the May 2017 and August 2017 letters falsely inflated the outstanding balance on the Plaintiffs' loan accounts.

167.    Defendant TSI violated the Act by sending the December 2017 letter falsely inflated the outstanding balance on the Plaintiffs' loan accounts.

168.    The Defendants issued the letters in the conduct of debt collection trade and commerce.

169.    The Defendants issued the letters with the intent that Plaintiffs' rely upon the concealment, suppression, or omission of the material facts related to the truthful and accurate outstanding balance of the subject loan accounts.

WHEREFORE Plaintiffs respectfully request joint and several judgment in their favor and against Defendants Weltman, Weinberg & Reis Company, L.P.A., SIMM Associates, Inc., Transworld Systems, Inc.:

A.  For all actual and compensatory damage suffered by Plaintiffs as a result of the wrongful conduct of Defendants;

B. After a showing of entitlement to punitive damage and after any hearing required under applicable law and a showing based on evidence of entitlement, a judgment in favor of

Plaintiffs and against Defendants for punitive damages;

C. Attorney's fees and costs; and

D. For such other and further relief as is necessary to put Plaintiffs in the position they were in before the wrongful conduct of Defendants.

**COUNT VIII – BREACH OF CONTRACT**

**(BUSHNO and CLARY v. WWR, NCT, and NCT 2007-4)**

170.     Plaintiffs repeat and reallege paragraphs 1-66 of this Complaint as if they were set forth herein.

171.     On or about September 25, 2012, Defendant WWR and National Collegiate Student Loan Trust (herein after "NCT") entered into a Settlement Agreement and Release (hereinafter "Settlement Agreement") with Plaintiffs Bushno and Clary.

172.     The Settlement Agreement was signed by Defendant WWR's authorized agent, Compliance Attorney Marsha D. Makel, and NCT's authorized agent, Associate Counsel for First Marblehead Corp Matthew Colettie.

173.     Pursuant to the terms of the Settlement Agreement, Plaintiff Bushno agreed to deliver a total of $20,000.00 excluding a credit of $955.00 by National Collegiate Student Loan Trust in at least 160 separate consecutive monthly payments of $125.00 as settlement in full of the 2006 Loan and the 2007 Loan, with any remaining unpaid balance to be cancelled by National Collegiate Student Loan Trust.

174.     The terms of the Settlement Agreement dictated that the Plaintiff Bushno's monthly payments were to be made payable to National Collegiate Trust, c/o Weltman, Weinberg & Reis Co., LPA, PO Box 93596, Cleveland, OH, 44101-5596.

175.     Subsequent to execution of the Settlement Agreement in September 2012, Plaintiff Bushno has made all consecutive monthly payments of $125.00 to date as specified by the terms of the Settlement Agreement.

176.     Despite Plaintiffs' full compliance with the with the express terms of the Settlement Agreement contract, Defendants have sought to collect amounts in excess of the amount owed.

177.    Defendants' attempts to collect amounts in excess of the amount authorized under the Settlement Agreement constitutes a breach of the Settlement Agreement contract.

178.    As a result of Defendants' breach of the Settlement Agreement contract, Plaintiffs have suffered actual damages in the form of tremendous stress and anxiety, loss of sleep, as well as consultation fees and attorney's fees.

179.    The Defendants' breach of the Settlement Agreement contract is the proximate cause of the Plaintiff's damages.

WHEREFORE, Plaintiff Jessica respectfully request that this Honorable Court award judgment in their favor and against Defendants Weltman, Weinberg & Reis Company, L.P.A., National Collegiate Student Loan Trust , and National Collegiate Student Loan Trust 2007-4, award Plaintiffs their actual damages and any additional damages this Court may allow, award Plaintiff her reasonable attorney's fees and costs, and award any other relief this Honorable Court deems equitable and just.

Respectfully submitted,

/s/    David R. Sweis

Attorney for the Plaintiffs

David R. Sweis, Esq. / ARDC # 239673
Sweis Law Firm, P.C.
70 E Lake Street, Suite 1220
Chicago, IL 60601
Telephone: (630) 575-8505
david@sweislaw.com